```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

**UNITED STATES OF AMERICA**

    vs.                                                                         2:20-cr-087(1)
                                                                                         JUDGE MICHAEL H. WATSON

**RITA GRAY**

## REPORT AND RECOMMENDATION

Defendant Rita Gray previously pleaded not guilty to a *Superseding Indictment* that charges her with conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846 (Count 1), possession with intent to distribute a substance containing a detectable amount of fentanyl in violation of 21 U.S.C. § 841 (Count 2), assault of an officer in violation of 18 U.S.C. §§ 111, 1114 (Count 3), using, carrying and brandishing of firearms in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i)-(iii) (Counts 4, 5, 6), conspiracy to commit money laundering in violation of 18 U.S.C. 1956(h) (Count 7), and money laundering in violation of 18 U.S.C. § 1956(a) (Counts 10, 11). *Superseding Indictment*, ECF No. 67. The *Superseding Indictment* also includes forfeiture provisions against this defendant. *Id*. The United States and defendant thereafter entered into a *Plea Agreement*, ECF No. 170, executed under the provisions of Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, whereby defendant agreed to enter a plea of guilty to Counts 2 and 7.[1] On September 28, 2022, defendant, assisted by her counsel, participated in a change of plea proceeding.

---

[1] In addition to specifying sentencing terms, the *Plea Agreement*, includes an appellate waiver provision that preserves only certain claims for appeal, collateral challenge, or motion for reduction of sentence. Under the *Plea Agreement*, defendant also agrees to the forfeiture provisions contained in the *Superseding Indictment*. Although the *Plea Agreement* also contains an immigration provision, defendant testified that she was born in the United States.

1

After being advised of her right to appear personally and with her counsel and after consulting with her counsel, defendant consented to appear by videoconference.

Defendant also consented, pursuant to 28 U.S.C. §636(b)(3), to enter a guilty plea before a Magistrate Judge. *See United States v. Cukaj,* 25 Fed. Appx. 290, 291(6th Cir. 2001)(Magistrate Judge may accept a guilty plea with the express consent of the defendant and where no objection to the report and recommendation is filed).

During the plea proceeding, the undersigned observed the appearance and responsiveness of defendant in answering questions. Based on that observation, the undersigned is satisfied that, at the time she entered her guilty plea, defendant was in full possession of her faculties, was not suffering from any apparent physical or mental illness, and was not under the influence of narcotics, other drugs, or alcohol.

Prior to accepting defendant's plea, the undersigned addressed defendant personally and in open court and determined her competence to plead. Based on the observations of the undersigned, defendant understands the nature and meaning of the charges against her in the *Superseding Indictment* and the consequences of the plea of guilty to Counts 2 and 7. Defendant was also addressed personally and in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure.

Having engaged in the colloquy required by Rule 11, the Court concludes that defendant's plea is voluntary. Defendant acknowledged that the *Plea Agreement* signed by her, her attorney and the attorney for the United States, represents the only promises made by anyone regarding the charges against her in the *Superseding Indictment*. Defendant was advised that the District Judge may accept or reject the *Plea Agreement*. Defendant was further advised that, if the Court refuses to accept the *Plea Agreement*, defendant will have the opportunity to withdraw her guilty plea but that, if she does not withdraw her guilty plea under those circumstances, the District Judge

may impose a sentence that is more severe than the sentence contemplated in the *Plea Agreement*, up to the statutory maximum.

Defendant confirmed the accuracy of the statement of facts supporting the charges, which is attached to the *Plea Agreement*. She confirmed that she is pleading guilty to Counts 2 and 7 of the *Superseding Indictment* because she is in fact guilty of those offenses. The Court concludes that there is a factual basis for the plea.

The Court concludes that defendant's plea of guilty to Counts 2 and 7 of the *Superseding Indictment* is knowingly and voluntarily made with understanding of the nature and meaning of the charges and of the consequences of the plea.

It is therefore **RECOMMENDED** that defendant's guilty plea to Counts 2 and 7 of the *Superseding Indictment* be accepted. Decision on acceptance or rejection of the *Plea Agreement* was deferred for consideration by the District Judge after the preparation of a presentence investigation report.

In accordance with S.D. Ohio Crim. R. 32.1, and as expressly agreed to by defendant through counsel, a written presentence investigation report will be prepared by the United States Probation Office. Defendant will be asked to provide information; defendant's attorney may be present if defendant so wishes. Objections to the presentence report must be made in accordance with the rules of this Court.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See United States v. Wandahsega,* 924 F.3d 868, 878 (6th Cir. 2019); *Thomas v. Arn,* 474 U.S. 140 (1985).

September 28, 2022             *s/ Norah McCann King*
 Date                                      Norah M$^c$Cann King
                                              United States Magistrate Judge